UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:19-cr-00293

GEORGE ALBERT ROMER, JR.,

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant George Albert Romer, Jr.'s Motion for New Trial [Doc. 121] and Motion for New Trial or Hearing [Doc. 122], filed June 24, 2021. The United States responded in opposition to both Motions on July 1, 2021. [Docs. 123, 124].

I.

On November 26, 2019, Mr. Romer was charged with Attempted Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 1594(a). On June 10, 2021, following a two-day jury trial, Mr. Romer was found guilty.

After having moved likewise during trial, on June 24, 2021, Mr. Romer moved anew pursuant to *Federal Rule of Criminal Procedure* 29.[1] Mr. Romer contends the evidence introduced at trial is insufficient to prove beyond a reasonable doubt that (1) a minor was the subject of the prosecution, and (2) he intended to engage in illegal conduct with a minor. Mr. Romer thus asserts there is insufficient evidence to sustain his conviction. Alternatively, Mr. Romer moves for vacatur and a new trial in the interests of justice pursuant to *Rule* 33.

The United States responds it presented sufficient evidence for a reasonable juror

---

[1] Mr. Romer also made a *Rule* 29 motion at the close of evidence, which was denied.

to conclude beyond a reasonable doubt that Mr. Romer committed the charged offense. Insofar as Mr. Romer requests a new trial as an alternative to an entry of a judgment of acquittal, the United States contends it should likewise be denied as the evidence supports Mr. Romer's conviction.

By separate motion, Mr. Romer moves for a new trial in the interests of justice based upon a note transmitted to the Court by an individual juror during deliberations. Mr. Romer asserts the note suggests juror misconduct. Alternatively, Mr. Romer requests a hearing be conducted to determine if any juror misconduct occurred and to "develop the record on a violation of [his] Sixth Amendment right to a trial by an impartial jury." [Doc. 122 at 1].

The United States responds that Mr. Romer's Motion should be denied inasmuch as the Court (1) informed the parties of note's contents upon receipt, and (2) conducted an inquiry of the Court Security Officer ("CSO") who received it. The United States correctly asserts Mr. Romer neither sought further inquiry of the CSO at the time nor otherwise objected. The United States asserts that any post-conviction inquiry into the internal matters of juror statements is an improper attempt by Mr. Romer to impeach the verdict, which is prohibited by *Federal Rule of Evidence* 606(b). The United States further contends Mr. Romer is unable to demonstrate prejudice arising from anything contained in the note.

## II.

**A.     Governing Standards**

*Federal Rule of Criminal Procedure* 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Cim. P. 29(c)(1). In assessing a *Rule* 29 motion, the court must determine "whether, viewing the evidence in the light most favorable to the government, the jury's verdict is supported by 'substantial evidence,' that is, 'evidence that a

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "A defendant contending that there was insufficient evidence to support his guilty verdict 'must overcome a heavy burden.'" *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (quoting *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017)). "So '[r]eversal evidence is reserved for the rare case where the prosecution's failure is clear.'" *Id.* at 477-78 (quoting *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010)).

Pursuant to *Rule* 33, "[a] district court retains discretion to grant a new trial if doing so is in 'the interest of justice.'" *United States v. Millender*, 970 F.3d 523, 531 (4th Cir. 2020) (quoting Fed. R. Crim. P. 33(a)). "[I]n deciding whether to grant a new trial based on the weight of the evidence, a district court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *Id.* at 532 (internal quotations omitted). Nonetheless, a "court should exercise its discretion to grant a new trial sparingly." *United States v. Palin*, 847 F.3d 418, 423 (4th Cir. 2017) (internal quotations omitted). "A new trial is warranted only '[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment.'" *Millender*, 970 F.3d at 531 (quoting *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985)). If a court concludes a new trial is warranted, it "'must specify the reasons for [its] determination.'" *Id.* (quoting Fed. R. Crim. P. 29(d)(1)).

**B.      Mr. Romer's Motion for Acquittal**

Viewing the evidence in the light most favorable to the United States, the jury's verdict is unquestionably supported by substantial evidence. Mr. Romer was charged with

3

"attempt[ing] to knowingly entice, obtain, patronize, and solicit, by any means" a person, knowing or in reckless disregard of the fact that she was younger than eighteen and would "be caused to engage in a commercial sex act" in violation of 18 U.S.C. §§ 1591 and 1594. [Doc. 15]. To sustain Mr. Romer's conviction, the United States was obliged to prove beyond a reasonable doubt that (1) Mr. Romer knowingly attempted to entice, obtain, patronize, or solicit, by any means a person, (2) whom he knew or recklessly disregarded was under the age of eighteen and would be caused to engage in a commercial sex act, and (3) his conduct was in or affected interstate commerce. It appears Mr. Romer only challenges the sufficiency of the evidence on the first two elements.

"To convict a defendant of attempt, the government must prove beyond a reasonable doubt that the defendant (1) had 'culpable intent' to commit the substantive crime and (2) took a 'substantial step towards completion of the crime that strongly corroborates that intent." *Haas*, 986 F.3d at 478 (quoting *United States v. Engle*, 676 F.3d 405-419-20 (4th Cir. 2012)). As noted above, Mr. Romer contends there is insufficient evidence demonstrating his "intention to engage in illegal conduct with a minor." [Doc. 121].

The United States produced evidence at trial demonstrating that Mr. Romer offered $100 for sexual activity to one whom he believed to be a fifteen-year-old girl. The United States produced a series of written, online messages with the undercover officer explicitly informing Mr. Romer the girl was fifteen years old; Mr. Romer acknowledged that information. *See* [Doc. 117-1 at 3-4]. He also made several statements reflecting his awareness that the purported minor was underage, including that he could "get in a lot of trouble" with her given that she was "only 15." [Doc. 117-2 at 31-32]. Mr. Romer also expressed concern that the arrangement was a set up and admitted in his statement to law enforcement that he "knew [the girl] was fifteen because she told me she was fifteen." [Doc. 117-4].

4

After acknowledging the girl's age, Mr. Romer also asked her if she "want[ed] to be payed [sic] for sex?" [Doc. 117-1 at 10]. He then agreed to pay her $100 for sexual activity, which he described as "regular sex," "making love," "intercourse," and "putting myself inside you." [Doc. 117-2 at 18-19]. Mr. Romer sent these messages via the Internet or cellular networks thus demonstrating his conduct was in or affecting interstate commerce. A jury could thus conclude beyond a reasonable doubt that Mr. Romer possessed the "culpable intent" to commit the substantive crime.

Given the attempt charge, however, the United States was also required to show Mr. Romer took a "substantial step in furtherance of sex trafficking a minor." *Haas*, 986 F.3d at 478. Mr. Romer traveled two hours to meet the purported minor at the designated hotel; he then booked a room for $80. Moreover, Mr. Romer's discussions with the young woman demonstrate that he enticed, obtained, patronized and/or solicited an individual whom he believed was under the age of eighteen, knowing she would be caused to engage in a commercial sex act. "While words and discussions might not be considered preparations for most crimes, the very nature of a sex-trafficking-of-a-minor violation – recruiting, enticing, and soliciting a minor – depends on the use of words and discussions." *Haas*, 986 F.3d at 478 (citing *Engle*, 676 F.3d at 423). "[W]hile the line between attempt and preparation is fact-intensive, speech alone will often constitute a substantial step in furtherance of a § 1591 violation that is strongly corroborative of culpable intent." *Id.* As previously noted, Mr. Romer offered to pay $100 for sex, and he arranged to meet the young woman to engage in sexual activity. His words thus corroborated his intent to entice, obtain, patronize, or solicit the purported minor to engage in a commercial sex act. *See Haas*, 986 F.3d at 478. Accordingly, the Court concludes Mr. Romer's attempt conviction is undeniably supported by substantial evidence. For this same reason, Mr. Romer's *Rule* 33 motion fails.

### C.     Mr. Romer's Motion for New Trial (Juror Misconduct)

Mr. Romer next moves for a new trial in the interests of justice or, alternatively, for "a hearing to develop the record on a violation of [his] Sixth Amendment right to a trial by an impartial jury" based upon alleged juror misconduct. The Court construes the latter request as one for an evidentiary hearing under *Remmer v. United States*, 347 U.S. 227 (1954).

"A defendant's Sixth Amendment right to trial by an impartial jury is violated if an influence outside the jury's deliberative process, a so-called 'external influence,' affects the jury's decision-making." *United States v. Johnson*, 954 F.3d 174, 179 (4th Cir. 2020) (citing *Barnes v. Joyner*, 751 F.3d 229, 240 (4th Cir. 2014)). An influence is external if it is (1) "extraneous prejudicial information; i.e., information that was not admitted into evidence but nevertheless bears on a fact at issue in the case," or (2) "an outside influence upon the partiality of the jury, such as a private communication, contact, or tampering . . . with a juror." *Barnes*, 751 F.3d at 245. (internal quotations omitted). "[I]f even a single juror's impartiality is overcome by such an external influence, the defendant's right to an impartial jury has been compromised." *Johnson*, 954 F.3d at 179. (internal quotations omitted). In *Remmer v. United States*, the Supreme Court established procedures to address credible allegations of prejudicial, external influences on jury deliberations, including conducting an evidentiary hearing. *Remmer*, 347 U.S. at 230.

"[T]he Sixth Amendment's guarantees do not [,however,] require judicial consideration of juror allegations regarding influences *internal* to the deliberation process." *Robinson v. Polk*, 438 F.3d 350, 363 (4th Cir. 2006) (emphasis added) (citing *Tanner v. United States*, 483 U.S. 107, 127 (1987)). "The distinction between internal and external . . . influences is [thus] critical because, unlike external influences . . . necessitat[ing] a thorough judicial inquiry, no such obligation is imposed" with an internal influence. *Barnes*, 751 F.3d at 245-46.

6

As noted, the CSO received a note from a juror concerned about a fellow juror. Specifically, the note expressed concern regarding the juror's argumentativeness, unwillingness to at times participate in deliberations, and alleged refusal to follow the Court's instructions. The note also alleged the juror had stated during deliberations that his friend had been charged with rape, which the juror opined was "bullshit." Upon receiving the note, the Court informed counsel of its contents outside the jury's presence and conducted an under-oath inquiry of the CSO surrounding the circumstances. Ultimately, the Court refrained from addressing the note with the jury and allowed deliberations to continue. The jury returned a guilty verdict not long thereafter following additional instructions concerning the difference between proving the substantive offense and an attempt to commit the same.

As is evident, nothing in the subject note is an external influence necessitating an evidentiary hearing; nor would it support a new trial in the interests of justice under *Rule* 33. The note constitutes, at most, influences internal to the deliberation process, which do not require judicial consideration. Furthermore, any post-trial inquiry into such internal juror statements would contravene *Federal Rule of Evidence* 606(b). Indeed, *Rule* 606(b) prohibits juror testimony "about any statements made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Accordingly, the Court **DENIES** Mr. Romer's request for a new trial or evidentiary hearing on the point.

### III.

Based upon the foregoing discussion, and having considered the entirety of the record, the Court **DENIES** Mr. Romer's Motion for New Trial [**Doc. 121**] and Motion for New Trial or Hearing [**Doc. 122**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: August 2, 2021

Frank W. Volk
United States District Judge