UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff.

v.                                                      CRIMINAL ACTION NO. 5:19-cr-00293

GEORGE ROMER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant George Romer's Motion for Compassionate Release [ECF 173], filed March 29, 2024. The United States responded to Defendant's motion on July 9, 2024 [ECF 175]. Mr. Romer failed to timely Reply.[1] The matter is now ready for adjudication.

### I.

On November 26, 2019, Mr. Romer was charged in a single count indictment for attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a). [ECF 15]. On June 10, 2021, he was convicted following a jury trial. [ECF 118]. At the October 22, 2021, sentencing hearing the Court adopted the Presentence Investigation Report ("PSR") and calculated the advisory guideline range at 168 to 210 months of imprisonment, based upon a total offense level of 34 and a criminal history category of II. [ECF 137; 142 at 8]. After hearing arguments from both parties, the Court sentenced Mr. Romer at the bottom end of the guideline range to 168 months of imprisonment, as well as 15-year term of supervised release. [ECF 137]. Notably, the Court had

---

[1] On August 13, 2024, Mr. Romer filed an ex parte motion for extension to reply [ECF 176] which the Court granted, directing Mr. Romer to submit his reply by September 12, 2024, [ECF 177].

contemplated imposing a higher sentence but decided on the imposed sentence after considering Mr. Romer's medical conditions and age. [*Id.*].

Mr. Romer now seeks compassionate release, arguing that a reduction is justified under U.S.S.G. § 1B1.13(b)(1)(C) due to his medical conditions, which include Peripheral Artery Disease, an aortic aneurysm, and severe cataracts. [ECF 173 at 2]. He asserts that all three of his medical conditions require special medical care, including specialized surgery for his cataracts. [*Id.*]. He contends that the care he requires has not been provided to him while in BOP custody and that due to such lack of care he is at serious risk of deterioration in health or death. [*Id.*].

## II.

Prior to the First Step Act (the "Act"), compassionate release depended upon a motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the BOP administrative process or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against

providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

If an inmate demonstrates extraordinary and compelling reasons for release, the Court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

A.   *Failure to Exhaust Administrative Remedies*

Mr. Romer has failed to meet the requisite threshold of exhaustion of administrative remedies. The pertinent statute delegates to the Court the authority to reduce a sentence for "extraordinary and compelling reasons" upon the "motion of the defendant" but only "after the defendant has fully exhausted all administrative rights to appeal, a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). Our Court of Appeals has

acknowledged that the exhaustion requirement is "a non-jurisdictional claim-processing rule" that is to "be rigidly applied when invoked by a litigant." *United States v. Muhammad*, 16 F. 4th 126, 130 (4th Cir. 2021); *Rice v. Rivera*, 617 F. 3d 802, 810 (4th Cir. 2010).

Mr. Romer has neither demonstrated nor satisfied the required, threshold showing that he has exhausted his administrative remedies within the Bureau of Prisons. Insofar as the United States has neither waived nor forfeited the non-jurisdictional claims-processing requirement for exhaustion, precedent from our Court of Appeals mandates strict application of this rule. *Rice*, 617 F.3d at 810. Therefore, the Court must enforce this requirement and dismiss the motion for failure to satisfy the exhaustion requirement.

B.      ***Extraordinary and Compelling Reasons for Compassionate Release***

As noted, Mr. Romer asserts that he satisfies the U.S.S.G. §1B1.13(b)(1)(C) criteria for compassionate release inasmuch as (1) he suffers from three medical conditions that require long term or specialized care — peripheral artery disease ("PAD"), aortic aneurysm, and severe cataracts, (2) he is not receiving long term or specialized care, and (3) he is at risk of serious deterioration in health or death. [ECF 173 at 2]. Specifically, he contends that his PAD is "getting worse" and "all they have done is put him on medication that does not work." [*Id.*]. He also alleges that the "BOP keeps telling the defendant that they're waiting for [the aortic aneurysm] to get 5 centimeters before doing something." [*Id.*]. He fears that it "could rupture at anytime now" and that the "longer the defendant goes without the clip, the more it is likely he will die of the rupture." [*Id.*] Finally, he reports that he is "confined to a wheelchair, as he cannot see, and it is painful for him to walk" and that multiple of his scheduled cataracts surgery appointments have been cancelled. [*Id.* at 3].

To the extent the Court may consider the merits of Mr. Romer's motion, it finds that he has failed to establish the extraordinary and compelling circumstances necessary to justify such relief. The Court already accounted for two of the three medical conditions he now cites when determining an appropriate sentence. [ECF 137]. His offense was both serious and deeply disturbing, warranting a guideline range of 168 to 210 months of imprisonment. [ECF 142 at 8]. He received the lowest end of that range—168 months. [*Id.*].

Mr. Romer has not met his burden of proving that his circumstances have changed in a way that would warrant a sentence reduction. He presents no evidence that his medical conditions have deteriorated since sentencing, nor does he provide any basis to suggest that his current health status is incompatible with continued incarceration. In fact, the medical records he submitted undermine his claims, demonstrating that the Bureau of Prisons has provided consistent medical care, including multiple appointments to address his health concerns. [ECF 173, Ex. A–B].

Accordingly, the Court **DENIES** without prejudice Mr. Romer's Motion for Compassionate Release.

### IV.

Based upon the foregoing discussion, Mr. Romer's Motion for Compassionate Release [ECF 173] is **DENIED** without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 6, 2025



Frank W. Volk
Chief United States District Judge